OPINION
Appellant, Butler County Children Services Board ("BCCSB" or "the agency"), appeals a judgment of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of Michael Scott Leonard ("Scottie") to appellees, Tom and Eva Leonard ("the Leonards"), Scottie's paternal grandparents.
The record shows that Scottie was born on December 25, 1993 to Aimee and Michael Leonard. The couple participated in parenting instruction after initial concerns were raised about their ability to care for the child. BCCSB filed a complaint and requested temporary custody of Scottie when a parenting instructor advised the agency that she did not believe Aimee would be able to care for Scottie. Scottie was subsequently adjudicated a dependent child and placed in foster care.
At the periodic review hearings, it became apparent that the parents were making little progress with the case plan and that an agency motion for permanent custody would be forthcoming. The Leonards indicated their desire to obtain legal custody of Scottie, their goal being to help their son develop parenting skills. BCCSB amended their permanent custody motion to one for long-term foster care, and a visitation plan was implemented to increase Scottie's visitation with the Leonards.
The court requested an assessment of Scottie's transition from therapist Deborah Joy. Joy's report concluded that it would not be in two-year-old Scottie's best interest to remove him from the foster home where he had spent virtually his entire life thus far and place him with his grandparents. BCCSB then moved for permanent custody of Scottie. The court remarked at the motion hearing that:
 [T]he best interest does favor permanent custody and adoption, even weighing the fact that this Court is fully aware to try to keep in a family * * * the biological family they've come from weighs heavily against that, but in this particular case based on the circumstances this child has been in one family [foster family] and raised by that family from basically birth. The Court had concerns about the grandparents, which we put on the record a couple of times.
The court proceeded, however, to deny BCCSB's motion for permanent custody and placed Scottie in the legal custody of the Leonards, concluding that BCCSB "can not [sic] show that they [the Leonards] would be inadequate parents." BCCSB appeals from that decision, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING BCCSB'S MOTION FOR PERMANENT CUSTODY AND PLACING THE CHILD IN THE LEGAL CUSTODY OF THE PATERNAL GRANDPARENTS.
BCCSB argues that the trial court made its determination to place Scottie with the Leonards based on the Leonards' fitness to care for the child rather than considering what would be in Scottie's best interest as required by R.C. 2151.414(B)(1). BCCSB further argues that the best interest of the child would be served by granting permanent custody to it.
At the hearing, the trial court was under no burden to consider relative placement, as the issue was one of permanent custody. The applicable statute is R.C. 2151.414, which states in part that:
 (A) Upon the filing of a motion pursuant to R.C. 2151.413 * * * for permanent custody of a child * * * the court shall schedule a hearing * * *. The Court shall conduct a hearing * * * to determine: if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that made the motion.
* * *
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing * * * by clear and convincing evidence that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents.
Nowhere in the statute is the court required to consider relative placement for permanent custody where the child is not orphaned. The trial court was therefore under no obligation to consider whether a relative of the child would be a fit parent before it could consider whether there was clear and convincing evidence to show that the child's best interest would be met by granting permanent custody to BCCSB. See In re Knotts (Jan. 27, 1977), Mercer App. No. 10-96-12, unreported. See, also, In re Gilbert (Aug. 5, 1996), Butler App. No. CA95-10-179, unreported.
Given the above, the assignment of error is sustained and the judgment of the juvenile court is reversed. This case is remanded for a determination of permanent custody based on the best interest of the child.
Judgment reversed and case remanded.
YOUNG, P.J., and WALSH, J., concur.